## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Joanna Pederson,<br><br>   Plaintiff,<br><br>v.<br><br>Haster Law Office, P.A.,<br><br>   Defendants. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

### INTRODUCTION

1. This is an action for damages brought by Joanna Pederson against Haster Law Office, P.A. for its repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because the relevant acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Joanna Pederson is a natural person who resides in the City of West Saint Paul, County of Ramsey, and State of Minnesota. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C.

§§ 1692a(3) and 1692k.

5. Defendant Haster Law Office, is a Minnesota professional association that engages in the business of collecting debts in Minnesota. Defendant Haster's principal place of business is located at 6640 Shady Oak Road, Suite 340, Eden Prairie, Minnesota. Defendant Haster is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

### FACTUAL ALLEGATIONS

6. Sometime prior to August 1, 2012, Plaintiff allegedly incurred a financial obligation, namely a balance due on a line of credit from Goodman Jewelers for the purchase of jewelry (the "Debt" or "alleged Debt").

7. The alleged Debt was a financial obligation that was primarily for personal, family or household purposes and, therefore, is a "debt" as that term in defined by 15 U.S.C. § 1692a(5).

8. Upon information and belief, on or around September 1, 2012, the alleged Debt was assigned, sold or otherwise transferred to CCS, Inc.

9. Upon information and belief, on or around September 15, 2012, CCS, Inc., retained Defendant to collect the alleged Debt from Plaintiff.

10. On or around October 3, 2012, Plaintiff received a letter from Defendant signed by Lisa Haster, an attorney licensed to practice law in Minnesota. The letter stated that Plaintiff owed a debt to CCS, Inc., in the amount of $724.78.

11. On November 16, 2012, at 1:06 p.m., a debt collector employed by Defendant called Plaintiff and left the following voicemail:

'Ah, Joanna, this is Tyler Trill. I'm, ah, the manager here for Haster Law

>Office. I handle the referrals. Ah, the, ah, today is Friday the sixteenth. If you could reach me back at 952-540-4796. Again that's 952-540-4796. Ah, we just have a few things that we need to discuss that are somewhat time sensitive so it's important that, ah, we're getting in touch as soon as you receive this message. Again, 952-540-4796. Thanks.

This communication from Defendant failed to disclose that the communication was from a debt collector and, therefore, violated FDCPA, 15 U.S.C. § 1692e(11).

12. On November 30, 2012, at 12:53 pm., a debt collector employed by Defendant called Plaintiff and left the following voicemail:

>'Hi. This message is for Joanna Pederson. Um, this is Howard Trittle calling from attorney Hester's Office. Today is Friday, November 30th. We need to go over some information that is fairly time sensitive here regarding the calls from your spouse. The direct number where I can be reached at is 952-540-4796. Again that's 952-540-4796. Thanks.

This communication from Defendant failed to disclose that the communication was from a debt collector and, therefore, violated FDCPA, 15 U.S.C. § 1692e(11).

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692

13. Plaintiff repeats and incorporates by reference paragraphs 1 - 16.

14. Defendant violated the FDCPA, 15 U.S.C. § 1692, in its attempt to collect the alleged debt from Plaintiff. Defendant's violations include, but are not limited to, the violations described in Paragraphs 19 – 20.

15. Defendant violated 15 U.S.C. §§ 1692e(11) when its debt collection employees failed to disclose they were debt collectors in voicemail messages left for Plaintiff.

16. Defendant violated 15 U.S.C. §§ 1692e by using false, deceptive and misleading representations in connection with the collection of the alleged Debt from Plaintiff.

### PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

### COUNT I.
### Violations of the Fair Debt Collection Practices Act

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **January 14, 2013**     **s/ Mark L. Heaney**
Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 544-1308
Email: mark@heaneylaw.com
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Plaintiff Joanna Pederson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

**s/ Joanna Pederson**
Joanna Pederson

Subscribed and sworn to before me
this **14th** day of **January**, 20**13**.


**s/ Lauren M. Tessier**
Notary Public